IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **OLGA JASSO** § | |
| *Plaintiff,* § | |
| v. § | Civil Action No. **1:15-cv-203** |
| § | |
| § | |
| **STATE FARM LLOYDS** § | |
| *Defendant.* § | |

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant State Farm Lloyds files this Notice of Removal.

### PROCEDURAL BACKGROUND

1. Plaintiff OLGA JASSO filed this action on September 23, 2015 against State Farm Lloyds in the 404th Judicial District Court of Cameron County, Texas. That case was docketed under cause number 2015-DCL-05888 (the "State Court Action").

2. State Farm Lloyds was served with process on October 26, 2015.

3. State Farm Lloyds files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the 404th Judicial District Court of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division.

4. Plaintiff's Original Petition filed in the State Court Action included a jury demand.

### NATURE OF THE SUIT

5. This lawsuit involves a dispute over the alleged non-payment of insurance benefits and the handling of Plaintiff's claim for damages allegedly caused by a hailstorm "on or about May 28, 2014." Petition at ¶ 7. Plaintiff asserts causes of action against State Farm Lloyds, including for violations of Chapter 541 of the Texas Insurance Code, breach of contract, and negligence.

## BASIS FOR REMOVAL

6.  The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all real parties in interest (Plaintiff and State Farm Lloyds) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.1  At the time this action was commenced, Plaintiff Olga Jasso was and still is a resident and citizen of Texas residing in Cameron County, Texas.

6.2  Defendant State Farm Lloyds was at the time this action was commenced, and still is, a citizen of Illinois. State Farm Lloyds is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois, thereby making State Farm Lloyds a citizen of Illinois for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

6.3  Plaintiff's Original Petition contains a conclusory statement that "Plaintiff's damages are less than $75,000.00." *Id*. at ¶ 4.  In her Original Petition, Plaintiff seeks treble damages under the Texas Insurance Code, statutory penalty interest, consequential damages, attorney's fees and expenses, and additional punitive/exemplary damages.  Plaintiff wholly fails to plead and segregate the respective monetary amounts sought for actual damages, additional damages, attorney's fees, and punitive or exemplary damages.  In addition, rather than requesting a Level 1 discovery control plan applicable to civil cases, such as this case, where the monetary damages sought do not exceed $100,000, Plaintiff inconsistently requests a Level 3 discovery control plan which is reserved for cases not governed by Texas Rule of Civil Procedure 169

(expedited actions). In addition, Plaintiff served Defendant with written discovery beyond the limits allowed for actions where damages are less than $100,000.00.

6.4 Approximately four months prior to filing her State Court Action, Plaintiff sent State Farm a demand letter, a copy of which is attached hereto and incorporated by reference. *See* Exhibit 1. The demand letter included a "Damage Model," as well as an estimate of Plaintiff's alleged damages under the policy. The estimate, which was previously provided to Defendant by Plaintiff's public adjuster, Elvia Chandler, listed damages totaling $14,277.87. The Damage Model at that time totaled $21,586.75; however, it did not include several of the elements of additional damages now being sought in the State Court Action.

6.5 While it appears Plaintiff makes some attempt to plead monetary relief of $100,000 or less under Texas Rule of Civil Procedure 47 in one section of her Original Petition, in another section the Plaintiff also inconsistently asserts that she will "ask a jury of her peers to assess a fair and reasonable amount of money damages as compensation for her economic and non-economic injuries, as well as punishment for Defendant's actions." *Id.* at ¶ 17.

6.6 The prior course of dealings between the undersigned counsel and Plaintiff's counsel makes clear that Plaintiff's counsel has no intention of executing a binding stipulation agreement and limiting damages in this case.[1] *See* e-mail correspondence between counsel for Defendant and counsel for Plaintiff, a true and correct copy of which is attached hereto as Exhibit 2 and incorporated by reference.

---

[1] *Vidaurri v. H.M.R. Props.,* No. SA-06-CA-1124-FB, 2007 WL 1512029, 2007 U.S. Dist. LEXIS 39671, at *22 (W.D. Tex. Mar. 8, 2007) (finding no legal certainty that the amount in controversy was less than $75,000 because the plaintiff did not provide "a binding stipulation that she will not seek *or accept* more than $75,000.00" (emphasis added)); *Lite-Martin v. Sw. PCS, L.P.,* No. SA-03-CA-867-XR, 2003 WL 22477694, 2003 U.S. Dist. LEXIS 19446, at *9 (W.D. Tex. Nov. 3, 2003) ("Although in her petition, Plaintiff attempts to state that damages will not exceed $74,000, Plaintiff does not stipulate that she will not seek more than $74,000.").

6.7     Accordingly, as shown by Plaintiff's demand and her original petition, the amount in controversy requirement for removal is satisfied.[2]

## REMOVAL IS PROCEDURALLY CORRECT

7.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of State Farm's receipt of Plaintiff's Original Petition.

8.      Venue is proper in this division under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending.

9.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon State Farm in the State Court Action are attached to this notice as Exhibit 3.

10.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of Defendant's Original Notice of Removal will be promptly given to all parties and to the clerk of the 404th Judicial District Court of Cameron County, Texas.

11.     All documents required by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit 3.

## PRAYER

State Farm Lloyds respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm also requests any additional relief to which it may be entitled.

---

[2] State Farm Lloyds would show that after consideration of pleadings, arguments, and facts *materially identical* to those at issue in this case, and involving the same counsel, the following Southern District Courts have consistently upheld removal, finding the amount in controversy was satisfied:  *Delgado v. State Farm Lloyds,* No. 7:15-cv000292 (S.D. Tex. Aug. 19, 2015) (Dkt. No. 4) (Senior U.S. District Judge Kazen denying remand and holding Plaintiffs' Damage Model does not take into account other damages sought in petition, including statutory treble damages and punitive damages which must be included in calculating the amount in controversy); *Valdez v. State Farm Lloyds,* No. 7:15-cv-291 (S.D. Tex.. Sept. 25, 2015)(Dkt. No. 15) (U.S. District Judge Alvarez denying remand and stating "nowhere in the damage model is any reference made to punitive damages…"  "If Plaintiff's claim for punitive damages is successful, Plaintiff could receive 'up to three (3) times the amount of actual damages sought…" )  *Villarreal v. State Farm Lloyds,* 2015 U.S. Dist. LEXIS 136559 (S.D. Tex. Oct. 7, 2015) (US District Judge Alvarez denying remand and stating "Plaintiff's specific sum does not control the Court's analysis"  "It is quite clear to the Court that Defendant's basis for jurisdiction was unambiguous at the time of removal.")

Respectfully submitted,

/s/ Charles W. Downing
Charles W. Downing
TSBN 24069631/SDOTBN 1048595
818 Pecan Blvd. (78501)
P.O. Box 3725
McAllen, Texas 78502-3725
956-682-5501 – Phone
956-686-6109 – Fax
**ATTORNEY IN CHARGE FOR DEFENDANT**

Of Counsel:
Dan K. Worthington
TSBN 00785282 / SDOTBN 15353
Sofia A. Ramon
TSBN 00784811/SDOTBN 20871
**ATLAS, HALL & RODRIGUEZ, LLP**
818 W. Pecan Blvd. (78501)
P.O. Box 3275
McAllen, Texas 78502
Tel:   (956) 682-5501
Fax:   (956) 686-6109

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of this document was served on all counsel of record on the 18th day of November, 2015, as indicated below:

Joshua P. Davis
Katherine Ray
**JOSH DAVIS LAW FIRM**
1010 Lamar, Suite 200
Houston, Texas 77002
(713) 337-4100 – Phone
(713) 337-4101 – Fax
**Attorney for Plaintiffs**

/s/ Charles W Downing
Charles W Downing