IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **OLGA JASSO** | § | |
| *Plaintiff,* | § | |
| v. | § | **CAUSE NO. 1:15-CV-00203** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| *Defendant.* | § | |

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff's suit against Defendant, State Farm Lloyds ("State Farm"), arises out of the alleged mishandling of a claim on a Homeowners insurance policy for damages allegedly caused by a wind and hail storm. In addition to the claim for breach of the insurance policy, Plaintiff asserts several "bad faith" claims against State Farm. To sustain such claims, Plaintiff must establish that State Farm committed an independent tort in the handling of the claim, that there was no reasonable basis to deny claim, and that the damages are more than what is covered under the policy. Here, as set forth more fully below, Plaintiff cannot meet this burden, so her "bad faith" claims fail as a matter of law. In addition, there is no evidence to support Plaintiff's negligence or negligent misrepresentation claims, and her claim for money had and received and unjust enrichment fail because there is an express contract between the parties. Finally, there is no evidence to support Plaintiff's claim for exemplary damages. State Farm now files this Motion for Partial Summary Judgment, and in support would respectfully show as follows:

**EXHIBITS IN SUPPORT**

1. Attached hereto in support of this Motion for Summary Judgment and incorporated by reference are the following exhibits:

| | | |
|---|---|---|
| | Exhibit 1 | Declaration of Charles W. Downing |
| | Exhibit 1.1 | Plaintiff's Original Petition |
| | Exhibit 1.2 | State Farm Estimate |
| | Exhibit 1.3 | Plaintiff's DBM Estimate |
| | Exhibit 1.4 | State Farm Additional Payment |
| | Exhibit 1.5 | Plaintiff's Expert Designation |
| | Exhibit 1.6 | Defendant's Expert Designation |
| | Exhibit 1.7 | Excerpts from the Deposition Transcript of Olga Jasso |
| | Exhibit 1.8 | State Farm Additional Payment |

## FACTS

2.  Plaintiff alleges that State Farm issued policy number 83-BR-B086-4 to her insuring her residence located at 4643 Central Circle, Brownsville, Texas 78521 (the "Policy").[1]  Christopher Lopez, a State Farm claims representative, inspected the alleged damage on or about January 20, 2015, and determined that there was damage to the roof that was both caused by the storm and covered under the Policy.[2]  Mr. Lopez prepared an estimate for the covered damages he identified in the amount of $6,124.71, and State Farm issued a payment to Plaintiff in the amount of $1,303.06, which included a deduction in the estimate amount of $2,958.65 for depreciation and the Policy's $1,863.00 deductible.[3]

3.  Prior to filing suit, Plaintiff submitted her own estimate prepared by DBM Estimating showing damages to the property totaling $14,277.87.[4]  After receiving the estimate, State Farm agreed to

---

[1] *See* Exhibit 1.1 at ¶ 7.
[2] *See* Exhibit 1.2.
[3] *Id..*
[4] *Id.*

conduct a second inspection of the property which resulted in an additional payment to Plaintiff in the amount of $188.15, plus a statutory interest payment of $1.30.[5]

4.  After filing this suit, Plaintiff designated Stuart Nolley and Peter De La Mora as experts.[6] Mr. De La Mora does not opine on the cost to repair the alleged damage.[7] Mr. Nolley's estimate provides for a total replacement cost value of $18,826.47.[8] State Farm also retained experts in this matter—Jeff Hunt and Pablo Anguiano. Both concluded that a portion of the roof damages were sustained as a result of thunderstorm winds on May 28, 2014, as was identified by State Farm in its initial and supplemental evaluation, but found that some of the interior damage was not storm related.[9]

5.  Other than a disagreement over what damage was caused by the storm and how much it will cost to fix it, Plaintiff testified that she has no other complaints about the way State Farm handled the claim. Specifically, Ms. Jasso testified as follows:

> Q: That's okay. And so – I understand, Ms. Jasso, that you disagree with the amount that State Farm identified as damage to your home that was covered under the policy, but other than that disagreement, do you have any other complaints about the way State Farm handled this claim?
>
> A: No.[10]

But in her Petition, Plaintiff asserts claims against State Farm for breach of contract, negligent misrepresentation, negligence, unjust enrichment, violations of Texas Insurance Code, and for breach of the duty of good faith and fair dealing. As shown by the Plaintiff's testimony and the disagreement between experts, all of Plaintiff's claims except for the breach of contract claim[11] fail as a matter of law.

---

[5] *See* Exhibit 1.4.
[6] *See* Exhibit 1.5, Stuart Nolley Estimate, at Bates Numbers JASSO 00067 – JASSO 00117.
[7] *See id*, Peter De La Mora Report, at Bates Numbers JASSO 00118 – JASSO 00178.
[8] *Id.*
[9] *See* Exhibit 1.6.
[10] *See* Exhibit 1.7.
[11] While State Farm is confident that it will ultimately convince a jury that it identified and paid for all covered damage, State Farm concedes a fact issue exists on this issue.

## SUMMARY JUDGMENT STANDARD

6.     Summary judgment is proper when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[12]  "The party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[13]  Moreover, Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[14]

7.     Once the moving party meets its initial burden of pointing out the absence of a genuine issue for trial, the burden is on the nonmoving party to come forward with competent summary judgment evidence establishing the existence of a material factual dispute.[15]  Inferences favorable to the party opposing the motion are drawn.[16]  However, the nonmovant's burden is not satisfied with "some metaphysical doubt as the material facts."[17]

## ARGUMENT AND AUTHORITIES

*Texas Bad Faith Law*

8.     "The contract aspect of a coverage dispute concerns either the factual basis for the claim, the proper legal interpretation of the policy, or both."[18]  If the loss is covered, the insurer

---

[12] FED. R. CIV. P. 56(c).
[13] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).
[14] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986).
[15] FED. R. CIV. P. 56(c); *Clark v. America's Favorite Chicken*, 110 F.3d 295 (5th Cir. 1997) (citation omitted).
[16] *Wright v. Ford Motor Co.,* 508 F.3d 263, 274 (5th Cir. 2007).
[17] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1986 L.Ed. 38 (1986); *Wright*, 508 F.3d at 274.
[18] *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).

must pay the claim pursuant to the terms of the insurance contract.[19] An insurer's failure to pay a covered claim is ordinarily a breach of contract that does not alone entitle a plaintiff to mental anguish or exemplary damages.[20] "The threshold of bad faith is reached when a breach of contract is accompanied by an independent tort."[21]

9. A cause of action exists for the breach of the duty of good faith and fair dealing when "there is no reasonable basis for a denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay."[22] The common law and statutory standards are now identical—when there is no merit to a common law bad faith claim asserting a wrongful denial of insurance benefits, any statutory claims for bad faith under the Texas Insurance Code must also fail.[23]

10. In considering whether to grant a summary judgment on bad faith, a court should distinguish between the evidence supporting the contract issues and the tort issue.[24] The issue of bad faith does not focus on whether the claim was valid.[25] "The evidence must relate to the tort issue of [whether the insurer's liability had become reasonably clear], not just to the contract issue of coverage."[26]

11. Courts and juries are not to weigh the conflicting evidence that was before the insurer when the claim was being handled; rather, they should decide whether evidence existed to justify

---

[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Arnold v. National County Mut. Fire Ins.*, 725 S.W.2d 165, 167 (Tex. 1987).
[23] *See Higginbotham v. State Farm Mut. Auto Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) ("Although these claims are individual causes of action which do not depend on each other for support, Texas courts have clearly ruled that these extra-contractual tort claims require the same predicate for recovery as bad faith causes of action in Texas.").
[24] *Lyons v. Miller Cas. Ins. Co.*, 866 S.W.2d 597, 601 (Tex. 1993).
[25] *Id.*
[26] *Id.* at 600.

denial of the claim.[27] Whether the insurer's liability had become reasonably clear must be judged by the facts before the insurer at the time the claim was denied.[28] Evidence that shows only a bona fide coverage dispute does not, standing alone, demonstrate bad faith.[29] "Nor is bad faith established if the evidence shows the insurer was merely incorrect about the factual basis for its denial of the claim, or about the proper construction of the policy."[30] "A simple disagreement among experts about whether the cause of loss is one covered by the policy will not support a judgment for bad faith."[31] Furthermore, there can be no recovery "for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those that would have resulted from wrongful denial of policy benefits."[32]

*Summary Judgment on Bad Faith Claims*

12. This case, like so many other wind and hail cases, represents a disagreement regarding the scope of damages caused by a single weather event. State Farm inspected the roof and interior of the Plaintiff's home and made a payment for repairs to covered damages it identified.[33] After suit was filed, State Farm retained an experienced construction expert and engineer who agreed with State Farm's scope of damages to Plaintiff's property,[34] with the exception of the interior damage to the middle bedroom that State Farm later paid.[35] Plaintiff's own estimates prepared by Dana Morgan and Stuart Nolley differ substantially on the scope and extent of damage.[36] Issues such as whether

---

[27] *State Farm Lloyds, Inc. v. Polasek*, 847 S.W.2d 279, 285 (Tex. App. – San Antonio 1992, writ denied).
[28] *Viles v. Sec. Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990).
[29] *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997); *Moriel*, 879 S.W.2d at 17.
[30] *Moriel*, 879 S.W.2d at 18.
[31] *Id.*
[32] *Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002).
[33] *See* Exhibit 1.2.
[34] *See* Exhibits 1.6.
[35] *See* Exhibit 1.6 and 1.8. "As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith." *Higginbotham*, 103 F.3d at 459 (*citing Lyons v. Millers Cas. Ins. Co.*, 866 S.W.2d 597, 600 (Tex. 1993)).
[36] *See* Exhibits 1.3 and 1.5, *Compare* DBM Estimating Estimate, at Bates Numbers JASSO 00042 – JASSO 00066, *with* Stuart Nolley Estimate, at Bates Numbers JASSO 00067 – JASSO 00117.

the property sustained interior damage as a result of the storm are disputes which should be properly submitted to the jury in this case on the breach of contract action. However, it does not give rise to an independent tort or damages separate and apart from the denial of Policy benefits, and this is fatal to Plaintiff's extra-contractual claims. Accordingly, Defendant is entitled to summary judgment on Plaintiff's causes of action for breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code.

*Summary Judgment on Punitive and Treble Damages*

15. Plaintiff also alleges that Defendant's conduct in this case was committed "knowingly" and "intentionally." Plaintiff claims that she is entitled to additional damages under the Texas Insurance Code and exemplary damages. As set forth above, there is no culpable conduct to support a finding of treble or exemplary damages. Plaintiff, herself, testified that aside from the disagreement as to the amount of damages to her home, she had no other complaints about the way State Farm adjusted her claim.[37] Defendant is entitled to judgment as a matter of law on any claim for treble or exemplary damages.

*Summary Judgment on Negligence and Negligent Misrepresentation Claims*

16. To establish negligence, Plaintiff must establish: (1) a duty; (2) a breach of that duty; (3) damages; and (4) that the damages were proximately caused by the breach.[38] To establish her negligent misrepresentation claim, Plaintiff must establish: (1) the defendant made a representation in the course of its business, or in a transaction in which it had a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the

---

[37] *See* Exhibit 1.7.
[38] *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006).

plaintiff suffered pecuniary loss by justifiably relying on the representation.[39] Plaintiff has no evidence that State Farm provided any false information or breached any duty to her and testified that neither occurred.

17. In addition, the economic loss rule precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy.[40] A party states a tort claim when the duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit.[41] Here, Plaintiff essentially alleges that State Farm was negligent in not performing its obligations under the contract and misrepresented that it would perform by entering into the contract. This alleged breach of contract is not sufficient to establish a claim for negligence or negligent misrepresentation.

*Summary Judgment on Money Had/Received and Unjust Enrichment Claims*

18. Texas courts have repeatedly held that "[w]here there exists a valid express contract covering the subject matter, there can be no implied contract."[42] "Recovery on either unjust enrichment or *quantum meruit* is recovery on a quasi-contract or a contract implied in law, and there can be no recovery on either if the same subject is covered by an express contract"[43] The same applies to Plaintiff's money had and received claim.[44] Since the subject of all of Plaintiff's claims is the Policy, her claims for unjust enrichment and money had and received fail as a matter of law.

## CONCLUSION

19. Defendant asks that the Court grant this Motion and enter judgment that Plaintiff take

---

[39] *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442, 35 Tex. Sup. Ct. J. 184 (Tex. 1991).
[40] *Chapman Custom Homes, Inc. v. Dallas Plumbing Co*., 445 S.W.3d 716, 718 (Tex. 2014) citing (*LAN/STV v. Martin K. Eby Constr. Co.,* 435 S.W.3d 234 (Tex. 2014)).
[41] *Id*.
[42] *E.g., Woodard v. S. W. States, Inc*., 384 S.W.2d 674, 675 (Tex. 1964).
[43] *Lone Star Steel Co. v. Scott*, 759 S.W.2d 144, 154 (Tex. App. 1988)).
[44] *Prime Income Asset Mgmt. v. One Dallas Centre Assocs. LP*, 358 Fed. App'x 569, 572 (5th Cir. 2009).

nothing by her extra-contractual claims, and grant Defendant such further relief to which it is entitled.

        Respectfully submitted,

/s/ *Charles W. Downing*
Charles W. Downing
TSBN 24069631/SDOTBN 1048595
818 Pecan Blvd. (78501)
P.O. Box 3725
McAllen, Texas 78502-3725
956-682-5501 – Phone
956-686-6109 – Fax
**ATTORNEY IN CHARGE FOR DEFENDANT**

Of Counsel:
Dan K. Worthington
TSBN 00785282 / SDOTBN 15353
Sofia A. Ramon
TSBN 00784811/SDOTBN 20871
**ATLAS, HALL & RODRIGUEZ, LLP**
818 W. Pecan Blvd. (78501)
P.O. Box 3275
McAllen, Texas 78502
Tel:    (956) 682-5501
Fax:   (956) 686-6109

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the above and foregoing document has been served on the following counsel of record via facsimile on January 2, 2016, to-wit:

  Joshua P. Davis
  Katherine Ray
  **DAVIS LAW GROUP**
  1010 Lamar, Suite 200
  Houston, Texas 77002
  (713) 337-4100 – Phone
  (713) 337-4101 – Fax
  **Attorneys for Plaintiff**

            /s/ *Charles W. Downing*
            Charles W. Downing