United States District Court
Southern District of Texas
**ENTERED**
July 18, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| OLGA JASSO, § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 1:15-cv-203 |
| § | |
| STATE FARM LLOYDS, § | |
| Defendant. § | |

# ORDER

The Court is in receipt of the "Motion for Partial Summary Judgment" filed by Defendant State Farm Lloyds (hereinafter, Defendant's "Motion" or "Partial Summary Judgment Motion"), and Plaintiff Olga Jasso's "Response to Defendant State Farm Lloyds' Motion for Partial Summary Judgment" (hereinafter, Jasso's "Response"). Dkt. Nos. 22 and 23. With respect to Jasso's common law and statutory bad faith causes of action, the Court understands that Defendant initially paid Jasso $1,303.06, on or about January 26, 2015, to resolve her claim. Dkt. No. 23-1 at 2-3. Defendant then made an additional payment of $188.15, plus statutory interest, at some point between January 26, 2015, and May 11, 2015. Dkt. No. 23-4 at 2-3. On or about July 13, 2016, after Jasso filed suit, Defendant made an additional payment of $293.44, plus statutory interest. Dkt. No. 23-5 at 2-3; Dkt. No. 22-11. Defendant has acknowledged that these last two payments did not comply with the "time requirements" for "handling a property claim" under "Texas

statute subchapter B of Chapter 542" of the Texas Insurance Code. Dkt. No. 22-5 at 2; Dkt. No. 22-11 at 2.

Defendant's Motion does not identify the specific grounds it had for twice delaying payment to Jasso, nor does it clearly identify its specific grounds for refusing to make any more payments towards Jasso's claim. Dkt. No. 22 at 1-7. Instead, Defendant refers the Court to various exhibits and expert reports (without providing page citations), and asserts that it had a reasonable basis for its actions, without identifying those bases in its Motion. *Id*. Defendant has also failed to respond to Jasso's reliance on *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997). *See* Dkt. No. 23 at 1-2. In *Giles*, the Texas Supreme Court opined as follows:

> [W]e reject the suggestion that whether an insurer's liability has become reasonably clear presents a question of law for the court rather than a fact issue for the jury. Treating the issue as one of law would undeniably expand this Court's ability to overturn bad-faith judgments. We do not believe, however, that the difficulty of no-evidence review in bad faith cases could possibly justify this judicial sleight-of-hand to circumvent the constraints our Constitution imposes upon this Court. *See Choate v. San Antonio & A.P. Ry.*, 91 Tex. 406, 44 S.W. 69, 69 (1898); Tex. Const. art. V, § 6.
>
> We have long recognized that the Texas Constitution confers an exceptionally broad jury trial right upon litigants. *See State v. Credit Bureau of Laredo, Inc.* 530 S.W.2d 288, 291–93 (Tex.1975); *Tolle v. Tolle*, 101 Tex. 33, 104 S.W. 1049, 1050 (1907); Tex. Const. art. I, § 15; art. V, § 10. And we have warned that courts must not lightly deprive our people of this right by taking an issue away from the jury. *Young v. Blain*, 245 S.W. 65, 67 (Tex. Com.App.1922, *judgm't adopted, holding approved*). A court may be entitled to decide an issue as a matter of law when there is no conflict in the evidence, but when there is evidence on either side, the issue is a fact question. *Id*. Justice Hecht's concurring opinion identifies no circumstances that make a jury unsuited to decide whether an insurer has denied or delayed payment of a claim after its liability has become reasonably clear. We

therefore hold that whether an insurer acted in bad faith because it denied or delayed payment of a claim after its liability became reasonably clear is a question for the fact-finder.

*Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56; *see also State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997) (whether insurer reasonably relied on expert report, and whether expert report was objectively prepared, were questions for the jury).

When a party moving for summary judgment fails to properly support or address a fact, the Court may "give the party an opportunity to properly support or address the fact;" or "issue any other appropriate order." FED. R. CIV. P. 56(e)(1) and (4). As Defendant has not clearly identified its specific grounds for delaying and denying payment to Jasso, or addressed Jasso's reliance on *Giles*, the Court **DENIES** Defendant's Motion **without prejudice to refiling**. The Court will provide Defendant with a deadline for filing a renewed motion for summary judgment after it rules upon Jasso's Motion for Leave to File First Amended Complaint (Dkt. No. 28), which is not yet ripe for review.

Signed on this 18th day of July, 2017.

_____
Ignacio Torteya, III
**United States Magistrate Judge**